# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| COOL FROOTZ, LLC, | ) | Case No. 18-18234-KHT |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| HARVEY SENDER, Chapter 7 Trustee, | ) | Adv. Proc. No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| GOOGLE, LLC., | ) | |
| Defendant. | ) | |

---

## COMPLAINT

---

HARVEY SENDER, Chapter 7 Trustee, through his undersigned counsel, respectfully submits his COMPLAINT against Google, LLC., and states as follows:

### JURISDICTION

1.  This Court has core jurisdiction over this action pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (F), and (O).  This Court also has jurisdiction over matters arising in or related to a case under Title 11, pursuant to 28 U.S.C. § 1334.

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### PARTIES

3.  Harvey Sender is the Chapter 7 Trustee (the "Trustee") for the Debtor's bankruptcy estate and conducts business in the State of Colorado at 600 17th Street, Suite 2800 South, Denver, Colorado 80202.

4.  Google, LLC (the "Defendant") is a Delaware limited liability company that conducts business in the State of Colorado.  Defendant's principal place of business is located at 1600 Amphitheatre Parkway, Mountain View, CA 94043.  Defendant can also be served through its Registered Agent, Corporation Service Company at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

## GENERAL ALLEGATIONS

5.      Cool Frootz, LLC (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on September 20, 2018 (the "Petition Date").  The case was converted to a case under Chapter 7 by order dated February 15, 2019.

6.      The Trustee is the duly appointed Chapter 7 Trustee for the Debtor's bankruptcy case.

7.      According to the Debtor's records, it paid the Defendant the sum of $60,380.36 (the "Transfer") within the 90-days prior to the Petition Date.

8.      On December 23, 2019, the Trustee wrote to the Defendant, identifying the Transfer and seeking a response, including any defenses which Defendant might have. Defendant never responded to that letter.

9.      Pursuant to 11 U.S.C. §547(f), the Debtor was insolvent at the time of the Transfers were made to the Defendant.

## FIRST CLAIM FOR RELIEF
(Avoidance of Transfer 11 U.S.C. § 547(b))

10.      The Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 9 as though more fully set forth herein.

11.      Within the 90 days preceding the Petition Date, the Debtor made payments to the Defendant in the amount of not less than $60,380.36.

12.      The Transfers constitute a transfer of the Debtor's property within the meaning of 11 U.S.C. §§101(54) and 547.

13.      The Transfers were made to or for the benefit of the Defendant in its capacity as creditor of the Debtor.

14.      The Transfers were made for or on account of an antecedent debt owed by the Debtor before the transfers were made.

15.      The Transfers were made while the Debtor was insolvent.

16.      The Transfers caused the Defendant to receive more than the Defendant would receive if:

       a.      The case were a case under Chapter 7 of the Bankruptcy Code;

       b.      The transfers had not been made; and,

       c.      The Defendant received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

17.      The Transfers, along with any other transfer or payment to or for the benefit of the Defendant, made within 90 days of the Petition Date, are avoidable under 11 U.S.C. § 547(b).

18.      The Defendant is the initial transferee of the Transfers.

19.      To the extent that the Transfers are avoided, pursuant to 11 U.S.C. §550, the Trustee is entitled to:

       a.      recover from the Defendant the property transferred; or,

       b.      the value of the property transferred at the time the Debtor filed for relief.

WHEREFORE, the Trustee respectfully requests that this Court enter judgment in his favor and against the Defendant pursuant to 11 U.S.C. §547(b) avoiding the transfers of the Debtor's property to the Defendant, and awarding the Trustee his taxable costs. In the alternative, the Trustee respectfully requests that the Court enter a money judgment in the Trustee's favor and against the Defendant in an amount equal to the value the Debtor's property transferred, plus prejudgment interest from the date of the filing of the Trustee's Complaint, the Trustee's taxable costs, and such other and further relief as may be appropriate.

## SECOND CLAIM FOR RELIEF
(Preservation of Avoided Transfers)

20.      The Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 19 as though more fully set forth herein.

21.      To the extent that any transfers of the Debtor's' real and personal property are avoided, the avoided transfers are preserved for the benefit of the Debtor's bankruptcy estate.

WHEREFORE, the Trustee respectfully requests that this Court enter judgment in his favor and against Defendant preserving any and all avoided transfers against the Debtor's real and personal property for the benefit of the Debtors' bankruptcy estate, and for such other and further relief as may be appropriate.

## THIRD CLAIM FOR RELIEF
(Turnover of Property of the Estate 11 U.S.C. §§542 and/or 543)

22.     The Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 21 as though more fully set forth herein.

23.     The Defendant is in possession and control of monies and property belonging to the Bankruptcy Estate, including the Transfers, or the proceeds therefrom, as more fully alleged above and below, all of which have value for the estate.

24.     The Trustee made a demand upon the Defendant for turnover of the Transfers which was refused.

25.     The Trustee is entitled to an order of the Court requiring the Defendant to turnover monies and property belonging to the Debtor's bankruptcy estate, including the Transfers, or to account for such property and turnover the value thereof.  11 U.S.C. §§ 542 & 543.

WHEREFORE, the Trustee, respectfully requests that this Court enter judgment in his favor and against the Defendant, for the turnover monies and property belonging to the bankruptcy estate, including but not limited to, all of the Transfers, or to account for such property and turnover the value thereof, pursuant to 11 U.S.C. §§542 and/or 543, and for such other and further relief as the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF
(11 U.S.C. § 502)

26.     The Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 25 as though more fully set forth herein.

27.     11 U.S.C. §502(d) provides:

> . . . [T]he court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(I), 542, 543, 550, or 553 of this title.

28.     Until such time as the Defendant pays the amounts of the value of the Transfers to the Trustee, all claims asserted by the Defendant against the underlying bankruptcy estate must be disallowed in their entirety, pursuant to 11 U.S.C. §502(d).

29.     The Trustee expressly reserves the right to object to any claims of the Defendant on any grounds other than 11 U.S.C. §502(d) in the underlying bankruptcy case.

WHEREFORE, the Trustee respectfully requests that pursuant to 11 U.S.C. § 502(d), this Court enter judgment in favor of the Trustee and against the Defendant disallowing any claims of the Defendant against the bankruptcy estate until the Defendant pays the amounts of the value of the Transfers to the Trustee, and for such other and further relief as may be appropriate.

## RIGHT TO AMEND

30.     The Trustee reserves the right to amend this Complaint, the claims, defenses, and damages, under Fed.R.Civ.P. 15, as additional or supplemental facts and information becomes known under Fed.R.Civ.P. 26(a)(1).

DATED this 14th day of February, 2020.

Respectfully submitted,
BUECHLER LAW OFFICE, L.L.C.


*/s/Jonathan M. Dickey*

_____
Jonathan M. Dickey, #46981
999 18th St., Suite 1230 S
Denver, Colorado 80202
Tel: 720-381-0045
Fax: 720-381-0382
Jonathan@kjblawoffice.com
ATTORNEY FOR THE TRUSTEE